UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE CLARK GARCIA and DIEGO BONILLO,<br><br>Defendants. | Case No.: 3:24-cr-00908-RBM<br><br>**Updated Jury Trial Preparation and Scheduling Order** |

To structure the jury trial as to minimize disruption and maximize concentration on the evidence and witnesses, the following special procedures apply in this Court. These are in addition to, and supplement, other applicable Local Rules and Judge Montenegro's Criminal Chamber Rules. The deadlines set in the Court's December 10, 2024 Jury Trial Preparation Order (Doc. 61) are **VACATED**.

## TRIAL DATES

1. Trial is set to begin **July 28, 2025** before Judge Ruth Bermudez Montenegro in Courtroom 5B at **9:00 a.m.** Trial is expected to last no more than five days. Trial will normally be conducted each day from 9:00 a.m. to approximately 4:30 p.m., with one longer break for lunch (from approximately 11:45 a.m. to 12:45 p.m.) and two shorter

breaks, one in the morning and one in the afternoon.  This schedule may be modified at the discretion of the Court.  Counsel are expected to be in the courtroom by no later than **8:15 a.m.** each day of trial.  A Final Status Conference will be held on **July 18, 2025 at 1:30 p.m.**

2. A Motion Hearing/Status Conference will be held on **Wednesday, June 18, 2025 at 2:30 p.m.**

## RULE 16 DISCLOSURES AND FINAL DISCOVERY DEADLINE

3. Rule 16 expert witness disclosures and the final discovery deadline are set for **June 13, 2025.**

## MOTIONS IN LIMINE

4. A Motions *in Limine* Hearing is set for **July 16, 2025 at 1:30 p.m.**  Motions must be filed and served on opposing counsel no later than **June 25, 2025**.  Oppositions/Responses are due by **July 2, 2025**.  The Court generally does not permit Reply Briefs for Motions *in Limine*.  A party may seek leave from the Court to file any necessary Reply Brief.

## TRIAL BRIEFS

5. The parties may submit trial briefs by no later than **July 21, 2025** and shall include all significant disputed issues of law, including any and all foreseeable procedural and evidentiary issues with citation of relevant statutes, ordinances, rules, cases and other authorities.  *See* Crim. L.R. 23.1.

## WITNESS AND EXHIBIT LISTS

6. The Government must file a witness list and an exhibit list by **July 16, 2025**, unless otherwise ordered by the Court.

## EVIDENCE AND EXHIBITS

7. All exhibits must be numbered, not lettered.  Counsel may agree to number ranges (e.g., Government has 1–100 and Defendant has 101–200) for their respective uses.  A single exhibit should be marked only once.  If one party has marked an exhibit, then another party should not re-mark the exact document with another number.  Different

1  versions of the same document, e.g. a copy with additional handwriting, must be treated as
2  different exhibits with different numbers.  Counsel should both label and describe exhibits
3  in a neutral, non-argumentative manner (e.g., Exhibit 37 - Cell Phone Video, not Exhibit
4  37 - Murder Video).

5     8.    Counsel should waive authentication evidence of documents where
6  authentication is not at issue.

7     9.    Hard copy exhibits may not be passed among the jury during trial.  If counsel
8  wish the entire panel to examine a particular exhibit prior to deliberations, they should
9  either provide blowups or use the Court's visual equipment.  All exhibits to be entered into
10 evidence must be submitted on a thumb drive prior to jury deliberations.  Digitized exhibits
11 must be branded with an exhibit tag and number, which shall be placed at the bottom right-
12 hand corner of each exhibit.  Each exhibit tag will ideally be in a color that stands out, such
13 as bright yellow.  Should the parties have logistical questions about the marking or format
14 of exhibit numbers, the parties are instructed to contact the courtroom deputy for further
15 instructions.  Counsel must also prepare and submit on a thumb drive an index of all
16 exhibits admitted into evidence.  Such index should include the exhibit number and a brief,
17 nonargumentative description of each exhibit (e.g., January 2, 2024 Cell Phone Video).
18 Counsel are also jointly responsible for creating a thumb drive of all exhibits marked for
19 identification but not received in evidence, along with demonstrative only exhibits.

20    10.    At the end of each trial day, counsel are expect to confer with each other and
21 with the courtroom deputy regarding which exhibits are in evidence and any limitations
22 with respect to any admitted exhibits.  Any disputes must be promptly brought to the
23 Court's attention.

## **WITNESSES**

25    11.    All witnesses must be present at the start of trial or readily available to take
26 the stand.  It is not acceptable for a jury to wait while counsel attempts to locate a witness.
27 It is also counsel's responsibility to instruct witnesses and parties not to discuss their
28 testimony or discuss the case outside of court in the presence of any jurors or in any location

where jurors or in any location where jurors may overhear. Other than when testifying, all witnesses (other than the defendant and investigating officer) are excluded from the courtroom throughout the duration of the trial proceedings excluding closing argument. At the close of each trial day, counsel shall inform the other party and the courtroom deputy of the witnesses to be called for the next day.

## VOIR DIRE

12.  After the jury panelists are sworn, the Court will question the panelists to determine each individual's suitability for jury service, including whether each panelist can remain fair and impartial. Attached is the Court's general criminal jury trial questionnaire that is distributed to all prospective jurors during jury selection. If counsel wish to expand the scope of the Court's initial voir dire, counsel should prepare a joint list of written questions for the Court's consideration, which must be lodged no later than **July 16, 2025.**

13.  Counsel will be allowed brief (no more than 15 minutes) follow-up voir dire after the Court's questioning. Counsel's questions must be calculated to discover bias or prejudice with respect to the circumstances of this case. Repeating the questions already asked by the Court, or asking questions attempting to precondition the jury to a party's position, will not be allowed.

14.  The Court will generally select two alternates. The Court will add peremptory challenges of one per side per alternate.

15.  After each counsel has completed examination of the panel and challenges for cause have been ruled on by the Court, the parties may exercise their peremptory challenges. The Court uses a double-blind strike format. The peremptory challenges are directed to all panelists remaining after the disposition of challenges for cause. A challenge sheet is passed to each party (side) and each party (side) will record their peremptory challenges. After the challenges have been exercised, the lists will be shared with all counsel. The first twelve panelists remaining, in the order in which they were seated, will constitute the jury. The next remaining one to two jurors will become the alternate(s). After all challenges and objections, the Court will announce those selected, and will then

thank and excuse the remaining prospective jurors.

## JURY INSTRUCTIONS

16.    Counsel are ordered to meet and confer on jury instructions. No later than **July 14, 2025**, Counsel shall prepare and file a joint set of proposed jury instructions and verdict forms. Jury instructions are to be arranged in a logical sequence, including any form preliminary instructions to be read at the beginning of trial, general instructions to be read at appropriate times during trial, proposed instructions on substantive issues of law, and concluding instructions. The parties are encouraged to work cooperatively and keep disputed instructions to a minimum.

17.    The parties shall also email the instructions in Word format to the Court's email address at efile_montenegro@casd.uscourts.gov. With respect to jury instructions, the parties are further ordered as follows:

18.    With respect to form preliminary instructions, general instructions, or concluding instructions, counsel shall include in their joint packet the full text of these instructions with citation to the Ninth Circuit Manual of Model Jury Instructions (Criminal). If the form instructions contain bracketed language or blanks, the parties should provide the Court with the appropriate language from the brackets, and all blanks should be completed.

19.    With respect to instructions on substantive issues of law: If the instruction is undisputed, the instruction shall be identified as "Stipulated Instruction No. ____ Re _____." The parties must include all modifications to form instructions in their proposals; i.e., if a model instruction includes bracketed language or blanks, the parties must provide the Court with the appropriate language from the brackets and all blanks must be completed. Even if the parties stipulate to the instruction, each instruction should be accompanied by a citation to the Ninth Circuit Manual of Model Jury Instructions and/or other authority. If the instruction is disputed, each party's version of the instruction shall be submitted together in their logical place in the overall sequence of jury instructions. Each disputed instruction shall be identified as "Disputed Instruction No. ____ Re

_____ Offered by _____," with the blanks and brackets filled in as appropriate. All disputed versions of the same instruction shall bear the same number. If the parties modify any form instruction, whether stipulated or disputed, they must clearly identify such modifications in either **bold** or <span style="color:red">redlined</span> format, or in some other manner that makes it clear to the Court what modifications are proposed. If one party offers an instruction and the opposing party does not have a counter version to that instruction (and simply contends that no such instruction in any version should be given), that party should so state on a separate page inserted in logical sequence in lieu of an alternate version.

## CHARGING CONFERENCE

20.  As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence, the Court will provide proposed final jury instructions to the parties. After a reasonable period for review, the Court may hold one, or more, charging conferences, at which each party may object to any passage, ask for modifications, or ask for additions. If the Court does not hold a formal charging conference, it will permit the parties to make any objections to the jury instructions in writing or on the record. If a party wishes to request an instruction that the Court has chosen to omit, it must affirmatively re-request it either on the record or in writing in order to give the Court a fair opportunity to correct any error.

## VERDICT FORMS

21.  Counsel must file proposed verdict forms no later than **July 14, 2025.** If the parties intend to use a special verdict form, they should meet and confer in an effort to submit a joint proposed special verdict form. If the parties cannot agree on a proposed special verdict form, they may submit separate proposals. The parties shall also email the verdict form in Word format to the Court's email address at efile_montenegro@casd.uscourts.gov.

///

///

## OPENING STATEMENTS

22. Counsel must cooperate and meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements, allowing for time to work out objections and any reasonable revisions.

## SIDE BAR

23. To maximize time with the jury, the parties are encouraged, where possible, to limit side bar discussions with the Court. If there are issues that must be addressed outside the presence of the jury, the Court shall address those issues either during a break, in the morning before the jury arrives, or once the jury departs at the end of the day.

## INTERPRETERS

24. If an interpreter is needed for a witness, please make arrangements in advance.

## AUDIO/VISUAL EQUIPMENT

25. The parties are encouraged to schedule a time to visit the courtroom prior to trial to ensure familiarity and compatibility with all audio and visual equipment. Counsel may contact the courtroom deputy to schedule a time to visit the courtroom for such purpose.

## SUMMARY OF DEADLINES SET ABOVE

- **June 13, 2025** – Rule 16 disclosures and final discovery
- **June 18, 2025 at 2:30 p.m.** – Motion Hearing/Status Conference
- **June 25, 2025** – any Motions *in Limine* filed
- **July 2, 2025** – Oppositions/Responses to Motions *in Limine* filed
- **July 16, 2025 at 1:30 p.m.** – Hearing on Motions in *Limine*
- **July 16, 2025** – Witness and Exhibit lists filed
- **July 16, 2025** – Proposed voir dire questions filed
- **July 14, 2025** – Proposed jury instructions and verdict form filed and emailed to chambers
- **July 21, 2025** – Trial Briefs filed

- **July 18, 2025 at 1:30 p.m.** – Final Status Conference
- **July 28, 2025** – Trial begins

**IT IS SO ORDERED.**

Dated: March 18, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

<u>Criminal Jury Trial Questionnaire</u>

Please answer the following questions when directed to do so by the Court. **<u>Do not write on this paper</u>**.

1. State your name.
2. State your city of residence and how long you have lived there.
3. State how long you have lived in California.
4. State your occupation. **(If retired or unemployed, state your previous occupation(s).)**
5. State your marital status.
6. If married, state your spouse's occupation. **(If separated, divorced, widowed, or retired, please state what is/was his/her occupation. If self-employed, please state what type of employment.)**
7. If you have children, state their ages and the occupation of any adult children.
8. Have you, or any member of your immediate family or close friend ever been involved in law enforcement?
9. Have you, or any member of your immediate family or close friend ever been involved in law, such as a lawyer or judge?
10. If you have had previous jury service, including grand jury service, **state where and when you were a juror**. Also state whether the case(s) was civil or criminal. Did the jury return a verdict? **<u>Do not state what the verdict was</u>**.
11. Have you, any immediate family member, or close friend ever been involved in a criminal matter of any kind, either as a defendant, a witness, or a victim?
12. Will you follow the law as given to you by the Court?
13. Is there any reason why you could not be fair and impartial in a case of this nature?