**FILED**

JUL - 8 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

```
1   ADAM GORDON
    United States Attorney
2   SEAN VAN DEMARK
    Assistant United States Attorney
3   Hawaii Bar No. 10288
    BIANCA CALDERON-PEÑALOZA
4   Assistant United States Attorney
    California Bar No. 324498
5   United States Attorney's Office
    880 Front Street, Room 6293
6   San Diego, California 92101-8893
    Telephone: (619) 546-7657/8573
7   Email: sean.van.demark@usdoj.gov/bianca.calderon-penaloza@usdoj.gov

8   Attorneys for United States of America
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. <u>24-CR-0908-RBM</u> |
| v. | **PLEA AGREEMENT** |
| JESSE CLARK GARCIA (1), | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Sean Van Demark and Bianca Calderon-Peñaloza, Assistant United States Attorney, and defendant, JESSE CLARK GARCIA, with the advice and consent of Jennifer L. Coon, counsel for defendant, as follows:

//
//
//
//
//
//

Def. Initials _____

24-CR-0908-RBM

# I

## **THE PLEA**

Defendant agrees to plead guilty to Counts 1 through 9 of the Indictment charging defendant with Conspiracy to Import Controlled Substances, aiding and abetting the Importation of Methamphetamine, aiding and abetting the Importation of Fentanyl, and aiding and abetting the Importation of Cocaine, and to consent to the forfeiture allegations of the Indictment, which seeks forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2).

Defendant admits that the offenses alleged in Counts 1 through 9 involved at least 400 grams of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), 500 grams of a mixture and substance containing a detectable amount of methamphetamine, 1 kilogram of a mixture and substance containing a detectable amount of heroin, and 5 kilograms of a mixture and substance containing a detectable amount of cocaine, and the type and quantity of federally controlled substances were reasonably foreseeable to defendant and within the scope of defendant's agreement.

Defendant agrees that, following entry of defendant's guilty plea, the United States need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in connection with this case, defendant agrees that, following entry of defendant's guilty plea, the United States may destroy the controlled substance(s) 30 days after the United States has provided defendant with the laboratory analysis report(s). If defendant believes that additional testing is needed, defendant will arrange for and complete

2

Def. Initials

24-CR-0908-RBM

1  such testing within that 30-day period, unless that period is extended
2  by joint written agreement or Court order, in which case the United
3  States shall preserve the controlled substance(s) for the agreed-upon
4  or judicially mandated period. If the Court has issued a preservation
5  order in connection with any seized evidence, defendant will request
6  that the Court lift or revoke the preservation order following entry of
7  defendant's guilty plea.

## II

### NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty in **Count 1** has the following elements:

1.  There was an agreement between two or more persons to commit the crime of importing fentanyl, methamphetamine, heroin, and cocaine into the United States from a place outside the United States;

2.  Defendant knew the agreement had an unlawful object or purpose;

3.  Defendant joined in the agreement knowing of the purpose and intending to help accomplish that purpose; and,

### Enhanced Penalties

4.  The offense involved at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, 500 grams of a mixture and substance containing a detectable amount of methamphetamine, 1 kilogram of a mixture and substance containing a detectable amount of heroin, and 5 kilograms of a mixture and substance containing a detectable amount of cocaine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

Defendant understands that the offense to which defendant is pleading guilty in **Count 2** has the following elements:

1.  Someone else committed the crime of Importation of Fentanyl;

3

Def. Initials _____

24-CR-0908-RBM

2. Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Importation of Fentanyl;

3. Defendant acted with the intent to facilitate the Importation of Fentanyl; and,

4. Defendant acted before the crime was completed.

<u>Enhanced Penalties</u>

5. The offense involved at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

Defendant understands that the offense to which defendant is pleading guilty in **Count 3** has the following elements:

1. Someone else committed the crime of Importation of Methamphetamine;

2. Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Importation of Methamphetamine;

3. Defendant acted with the intent to facilitate the Importation of Methamphetamine; and,

4. Defendant acted before the crime was completed.

<u>Enhanced Penalties</u>

5. The offense involved at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

Defendant understands that the offense to which defendant is pleading guilty in **Count 4** has the following elements:

1. Someone else committed the crime of Importation of Fentanyl;

2. Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Importation of Fentanyl;

4

Def. Initials _____

24-CR-0908-RBM

3.  Defendant acted with the intent to facilitate the Importation of Fentanyl; and,

4.  Defendant acted before the crime was completed.

Enhanced Penalties

5.  The offense involved at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

Defendant understands that the offense to which defendant is pleading guilty in **Count 5** has the following elements:

1.  Someone else committed the crime of Importation of Cocaine;

2.  Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Importation of Cocaine;

3.  Defendant acted with the intent to facilitate the Importation of Cocaine; and,

4.  Defendant acted before the crime was completed.

Enhanced Penalties

5.  The offense involved at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

Defendant understands that the offense to which defendant is pleading guilty in **Count 6** has the following elements:

1.  Someone else committed the crime of Importation of Fentanyl;

2.  Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Importation of Fentanyl;

3.  Defendant acted with the intent to facilitate the Importation of Fentanyl; and,

4.  Defendant acted before the crime was completed.

//

5

Def. Initials

24-CR-0908-RBM

Enhanced Penalties

5.  The offense involved at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

Defendant understands that the offense to which defendant is pleading guilty in **Count 7** has the following elements:

1.  Someone else committed the crime of Importation of Methamphetamine;

2.  Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Importation of Methamphetamine;

3.  Defendant acted with the intent to facilitate the Importation of Methamphetamine; and,

4.  Defendant acted before the crime was completed.

Enhanced Penalties

5.  The offense involved at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

Defendant understands that the offense to which defendant is pleading guilty in **Count 8** has the following elements:

1.  Someone else committed the crime of Importation of Cocaine;

2.  Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Importation of Cocaine;

3.  Defendant acted with the intent to facilitate the Importation of Cocaine; and,

4.  Defendant acted before the crime was completed.

Enhanced Penalties

5.  The offense involved at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, and the

6

Def. Initials

24-CR-0908-RBM

type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

Defendant understands that the offense to which defendant is pleading guilty in **Count 9** has the following elements:

1.  Someone else committed the crime of Importation of Methamphetamine;

2.  Defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Importation of Methamphetamine;

3.  Defendant acted with the intent to facilitate the Importation of Methamphetamine; and,

4.  Defendant acted before the crime was completed.

Enhanced Penalties

5.  The offense involved at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

As to the forfeiture allegations pertaining to **Counts 1 through 9**, defendant understands that the United States would have to prove by a preponderance of the evidence that the property(ies) subject to forfeiture are property(ies) constituting or derived from proceeds obtained from the offenses, or are property(ies) used or intended to be used to commit or to facilitate the commission of the offenses.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime(s) and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

//

//

7

Def. Initials

24-CR-0908-RBM

### Count 1

1.  Beginning on a date unknown and continuing at least up to and including February 25, 2024, within the Southern District of California and elsewhere, there was an agreement between defendant and others, including Diego Bonillo, to import fentanyl, methamphetamine, heroin, and cocaine into the United States from a place outside the United States.

2.  Defendant knew the agreement had an unlawful object or purpose.

3.  Defendant joined the agreement with the intent to further the unlawful object or purpose.

4.  Defendant worked with a Mexican-based drug trafficking organization. In that role, defendant entered into an agreement with others to accept payment for using his official position as a Customs and Border Protection Officer (CBPO) to facilitate the entry of drug-laden vehicles from Mexico into the United States at the Tecate, California Port of Entry free from inspection.

### Sentencing Guidelines Drug Amount / Penalty Enhancement

5.  The conspiracy involved at least 36 kilograms of a mixture and substance containing a detectable amount of fentanyl, at least 4.5 kilograms of methamphetamine (actual), at least 1 kilogram of heroin, and at least 150 kilograms of cocaine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

### Counts 2 and 3

1.  On or about April 18, 2021, defendant knowingly and intentionally aided and abetted another person who drove a vehicle from Mexico into the United States through the Tecate, California, Port of Entry (POE).

2.  Defendant acted with the intent to aid that person with entering the United States undetected in a vehicle that contained approximately 63.68 kilograms (140.39 pounds) of a mixture and substance containing a detectable amount of fentanyl, and approximately 11.7 kilograms (25.79 pounds) of a mixture and substance containing a detectable amount of methamphetamine, both being Schedule II Controlled Substances.

//

8

Def. Initials _____

24-CR-0908-RBM

**<u>Sentencing Guidelines Drug Amount / Penalty Enhancement</u>**

3.  The offense involved at approximately 63.68 kilograms of a mixture and substance containing a detectable amount of fentanyl, and approximately 11.7 kilograms of a mixture and substance containing a detectable amount of methamphetamine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

<b><u>Counts 4 and 5</u></b>

1.  On or about August 22, 2023, defendant knowingly and intentionally aided and abetted another person who drove a vehicle from Mexico into the United States through the Tecate, California, Port of Entry (POE).

2.  Defendant acted with the intent to aid that person with entering the United States undetected in a vehicle that contained approximately 3.99 kilograms (8.80 pounds) of a mixture and substance containing a detectable amount of fentanyl, and approximately 216 kilograms (476.20 pounds) of a mixture and substance containing a detectable amount of cocaine, both being Schedule II Controlled Substances.

**<u>Sentencing Guidelines Drug Amount / Penalty Enhancement</u>**

3.  The offense involved at approximately 3.99 kilograms of a mixture and substance containing a detectable amount of fentanyl, and approximately 216 kilograms of a mixture and substance containing a detectable amount of cocaine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

<b><u>Counts 6, 7, 8, and 9</u></b>

1.  On or about February 6, 2024, defendant knowingly and intentionally aided and abetted two other people who drove two vehicles from Mexico into the United States through the Tecate, California, Port of Entry (POE).

2.  Defendant acted with the intent to aid those persons with entering the United States undetected in two vehicles, one that contained approximately 32.35 kilograms (71.32 pounds) of a mixture and substance containing a detectable amount of fentanyl, approximately 37.1 kilograms (81.79 pounds) of a mixture and substance containing a detectable amount of methamphetamine, and approximately 54.6 kilograms (120.37 pounds) of a mixture and substance containing a detectable amount of cocaine, and the other vehicle containing

9

Def. Initials

24-CR-0908-RBM

approximately 58.87 kilograms (129.79 pounds) of a mixture and substance containing a detectable amount of methamphetamine; all Schedule II Controlled Substances.

**Sentencing Guidelines Drug Amount / Penalty Enhancement**

3.  The offense involved at approximately 32.35 kilograms (71.32 pounds) of a mixture and substance containing a detectable amount of fentanyl, approximately 95.97 kilograms (211.58 pounds) of a mixture and substance containing a detectable amount of methamphetamine, and approximately 54.6 kilograms (120.37 pounds) of a mixture and substance containing a detectable amount of cocaine, and the type and quantity of federally controlled substances were within the scope of defendant's agreement and were reasonably foreseeable to defendant.

### III

### PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A.  a maximum of life in prison, and a mandatory minimum 10 years;

B.  a maximum $10,000,000 fine;

C.  a mandatory special assessment of $100 per count;

D.  a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any condition of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E.  forfeiture of all property constituting and derived from proceeds obtained as a result of the violation and property used and intended to be used to commit and to facilitate the commission of the offense(s); and,

F.  possible ineligibility for certain federal benefits.

//

//

//

10

Def. Initials

24-CR-0908-RBM

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND

### UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.    Continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of defendant; and,

F.    Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE

### PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The United States will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

11

Def. Initials ___

24-CR-0908-RBM

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY

### PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened defendant or defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

### VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE,

### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

//

//

Def. Initials _____

24-CR-0908-RBM

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the United States have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The United States has not made and will not make any representation about what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is **not binding on the Court**. If the sentencing judge does not follow any

13

Def. Initials _____
24-CR-0908-RBM

1 of the parties' sentencing recommendations, Defendant will not withdraw
2 the plea.

3 **x**

4 **PARTIES' SENTENCING RECOMMENDATIONS**

5 A.   SENTENCING GUIDELINE CALCULATIONS

6 Although the Guidelines are only advisory and just one factor the
7 Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
8 the parties will jointly recommend the following Base Offense Level,
9 Specific Offense Characteristics, Adjustments, and Departures:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1(c)(1)] | | 38* |
| 2. | Importation of Methamphetamine [§ 2D1.1(b)(5)] | | +2 |
| 3. | Safety Valve [§§ 2D1.1(b)(18) and 5C1.2] | | −2** |
| 3. | Abuse of Position of Trust [§ 3B1.3] | | +2 |
| 4. | Acceptance of Responsibility [§ 3E1.1] | | −3 |
| 5. | Full Appellate Waiver [§ 5K2.0] | | −2 |

**\*If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b).**

**\*\*If defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2, the United States will recommend a two-level reduction of the guidelines. With respect to the requirements of USSG § 5C1.2(a)(5), the parties agree that the United States retains the discretion to require an in-person debrief to meet the requirement. If defendant fails to participate in an in-person**

14

Def. Initials _____

24-CR-0908-RBM

1  **debrief upon request, the United States may argue to the Court that**
2  **defendant should not qualify for a Safety Valve reduction.**

3    B.   ACCEPTANCE OF RESPONSIBILITY

4    Despite paragraph A above, the United States need not recommend an
5  adjustment for Acceptance of Responsibility if defendant engages in
6  conduct inconsistent with acceptance of responsibility including, but
7  not limited to, the following:

8         1.   Fails to truthfully admit a complete factual basis as
9              stated in the plea at the time the plea is entered, or
              falsely denies, or makes a statement inconsistent with,
10             the factual basis set forth in this agreement;

11        2.   Falsely denies prior criminal conduct or convictions;

12        3.   Is untruthful with the United States, the Court or
13             probation officer; or

14        4.   Breaches this plea agreement in any way.

    C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE
15        UNDER 18 U.S.C. § 3553

16   Defendant may request or recommend additional downward
17 adjustments, departures, or variances from the Sentencing Guidelines
18 under 18 U.S.C. § 3553. The United States may oppose any downward
19 adjustments, departures, or variances not set forth in Section X,
20 paragraph A above. The United States reserves the right to argue that
21 the Defendant should receive an adjustment under USSG § 3B1.1
22 (Aggravating Role).

23   D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

24   The parties have **no** agreement as to defendant's Criminal History
25 Category.

26 //
27 //
28

15

Def. Initials _____

24-CR-0908-RBM

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend that defendant be sentenced within the advisory Guidelines range recommended by the United States at the time of sentencing.

G.    SPECIAL ASSESSMENT/FINE/FORFEITURE

    1.    Special Assessment

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

    2.    Fine

The parties have **no** agreement as to a fine and the United States may recommend that defendant pay a monetary fine to be paid forthwith at the time of sentencing. The United States also may recommend an additional fine to cover the cost of imprisonment, supervised release or probation, pursuant to 18 U.S.C. § 3572(a)(6).

    3.    Forfeiture

Defendant consents to the forfeiture allegations of the Indictment. Defendant further agrees to the to the administrative and/or civil forfeiture of all properties seized in connection with this case

16

Def. Initials _____

24-CR-0908-RBM

1    (including but not limited to all U.S. currency, firearms and

2    ammunition, vehicles, electronic devices, and any other seized items)

3    which defendant agrees are subject to forfeiture to the United States

4    pursuant to Title 21, United States Code, Sections 853(a)(1) and

5    853(a)(2). Defendant consents and agrees to the immediate entry of

6    order(s) of forfeiture as the United States deems necessary. Defendant

7    agrees that upon execution of this plea agreement defendant's

8    interest(s) in any and all seized properties is terminated. Defendant

9    waives all rights to receive notices of any and all forfeitures.

10   Defendant agrees that by signing this plea agreement defendant is

11   immediately withdrawing any claims in pending administrative or civil

12   forfeiture proceedings to properties seized in connection with this

13   case. Defendant agrees to execute all documents requested by the United

14   States to facilitate or complete the forfeiture process(es). Defendant

15   further agrees not to contest, or to assist any other person or entity

16   in contesting, the forfeiture of property seized in connection with

17   this case. Contesting or assisting others in contesting the forfeiture

18   shall constitute a material breach of the plea agreement, relieving the

19   United States of all its obligations under the agreement including but

20   not limited to its agreement to recommend an adjustment for Acceptance

21   of Responsibility. Defendant further waives the requirements of Federal

22   Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the

23   forfeiture in the charging instrument, announcement of the forfeiture

24   at sentencing, and incorporation of the forfeiture in the judgment.

25   Defendant understands that the forfeiture of assets is part of the

26   sentence that may be imposed in this case and waives any failure by the

27   Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the

28

17

Def. Initials

24-CR-0908-RBM

time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

H.    UNDERLINE SUPERVISED RELEASE

If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not

18

Def. Initials _____

24-CR-0908-RBM

1   limited to, any argument that the statute of conviction or defendant's
2   prosecution is unconstitutional and any argument that the facts of this
3   case do not constitute the crime charged. The only exception is that
4   defendant may collaterally attack the conviction or sentence on the
5   basis that defendant received ineffective assistance of counsel. If
6   defendant appeals, the United States may support on appeal the sentence
7   or restitution order actually imposed.

8       If at any time defendant files a notice of appeal, appeals or
9   collaterally attacks the conviction or sentence in violation of this
10  plea agreement, said violation shall be a material breach of this
11  agreement as further defined below.

## XII

### BREACH OF THE PLEA AGREEMENT

14      Defendant and defendant's attorney know the terms of this agreement
15  and shall raise, before the sentencing hearing is complete, any claim
16  that the United States has not complied with this agreement. Otherwise,
17  such claims shall be deemed waived (that is, deliberately not raised
18  despite awareness that the claim could be raised), cannot later be made
19  to any court, and if later made to a court, shall constitute a breach
20  of this agreement.

21      Defendant breaches this agreement if defendant violates or fails
22  to perform any obligation under this agreement. The following are non-
23  exhaustive examples of acts constituting a breach:

    1.  Failing to plead guilty pursuant to this agreement;

    2.  Failing to fully accept responsibility as established in
        Section X, paragraph B, above;

    3.  Failing to appear in court;

    4.  Attempting to withdraw the plea;

19

Def. Initials _____

24-CR-0908-RBM

5.    Failing to abide by any court order related to this case;

6.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by defendant. Additionally, defendant knowingly, voluntarily,

20

Def. Initials ___

24-CR-0908-RBM

1   and intelligently waives any argument that the statements and any
2   evidence derived from the statements should be suppressed, cannot be
3   used by the United States, or are inadmissible under the United States
4   Constitution, any statute, Rule 410 of the Federal Rules of Evidence,
5   Rule 11(f) of the Federal Rules of Criminal Procedure, and any other
6   federal rule.

7                                   **XIII**

8                **CONTENTS AND MODIFICATION OF AGREEMENT**

9        This plea agreement embodies the entire agreement between the
10  parties and supersedes any other agreement, written or oral. No
11  modification of this plea agreement shall be effective unless in writing
12  signed by all parties.

13                                   **XIV**

14           **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

15       By signing this agreement, defendant certifies that defendant has
16  read it (or that it has been read to defendant in defendant's native
17  language). Defendant has discussed the terms of this agreement with
18  defense counsel and fully understands its meaning and effect.

19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

Def. Initials

24-CR-0908-RBM

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and Defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

7/1/2025
_____
DATED

*Sean Van Demark*
_____
SEAN VAN DEMARK
BIANCA CALDERON-PEÑALOZA
Assistant U.S. Attorneys

7/1/25
_____
DATED

_____
JENNIFER L. COON
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

7-1-2025
_____
DATED

_____
JESSE CLARK GARCIA
Defendant

22

Def. Initials
24-CR-0908-RBM